IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MINNESOTA LAWYERS MUTUAL** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CAUSE NO. 06-CV-074-WDS** |
| ) | |
| **ROBERT D. LARSON, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are defendant Larson's motion to dismiss plaintiff's complaint (Doc. 11) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to which plaintiff has filed a response, and Larson a reply,[1] and defendant's motion to strike Exhibit A of plaintiff's response to his motion to dismiss (Doc. 19), to which plaintiff filed a response (Doc. 20), and defendant a reply (Doc. 25).

In this declaratory judgment action, the plaintiff, an insurance company, seeks a declaration that: (1) it has "no duty to defend Robert D. Larson for any of the claims made or damages sought in the lawsuit filed by Greeling in Madison County, Illinois, bearing Case No. 2005 L 841;" and (2) that it has "no duty to indemnify Robert D. Larson for any damages that may be assessed against him in the lawsuit filed in the Circuit Court of Madison County, Illinois, bearing Case No. 2005 L 841." (Doc. 1). The underlying suit presents a legal malpractice claim relating to the litigation of a wrongful death action, and seeks "in excess of" $50,000. (Doc. 1, Ex. A, at pp. 4–5).

Defendant now moves this Court to dismiss the case for lack of subject matter jurisdic-

---

[1] No other defendants participated in, or responded to, this motion. The term "defendant" as used in this Order shall refer to defendant Robert D. Larson only.

tion pursuant to Federal Rule of Civil Procedure 12(b)(1), in that plaintiff's "complaint does not allege facts that show the amount in controversy exceeds Seventy-Five Thousand Dollars exclusive of interest and costs."[2] (Doc. 11). In its response, plaintiff argues that the case can be dismissed "if, and only if, it can be concluded beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." (Doc. 16, *citing Risse v. Woodard*, 491 F.2d 1170, 1173 (7th Cir. 1974)). In attempts to show the Court that an award in excess of $75,000 would be possible in the underlying suit, plaintiff refers the Court to its attached exhibit, a demand letter in which the plaintiffs in the underlying suit offers to settle the matter in exchange for receipt of $1,000,000 from defendant Larson.  Defendant Larson moves this Court to strike that exhibit from the record on the grounds that the Court should not look outside the complaint in making its decision on the motion to dismiss. (Doc. 19).

      The Court notes that dismissal is only appropriate if it can be concluded beyond a legal certainty that plaintiffs in the underlying case would under no circumstances be entitled to recover the jurisdictional amount. *Risse*, 491 F.2d at 1173.  Here, the underlying claim involves the litigation of a wrongful death action where the decedent was a 42 year old woman. Fifty thousand dollars ($50,000) is the jurisdictional minimum for bringing a tort claim in Illinois state court.  Further, Illinois state law prohibits a plaintiff from averring a specific *ad damnum*. (735 ILCS 5/2-604).  Thus, when plaintiffs in the underlying suit sought "in excess of" $50,000, (Doc. 1, Ex. A, at pp. 4–5), they were merely complying with Illinois law. Nonetheless, since the underlying suit in this matter lacks a specific *ad damnum*, plaintiff in this action must establish a reasonable probability that the amount in controversy exceeds $75,000.  *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006).

---

[2]Referring to the jurisdictional requirements set forth in 28 U.S.C. § 1332(a).

In a declaratory judgment action, "the value of the object of the litigation is the 'pecuniary result' that would flow to the plaintiff (or defendant) from the court's granting the injunction or declaratory judgment." *America's MoneyLine, Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004) (*citing McCarty v. Amoco Pipline Co.*, 595 F.2d 389, 393 (7th Cir. 1979)). Here, if the Court finds plaintiff has a duty to indemnify defendant Larson under the malpractice insurance policy at issue, the limits of that policy would allow indemnification up to $1,000,000 per claim. (Doc. 1, Ex. 3). The fact that the decedent was only 42 years old, and the policy at issue allows up to $1,000,000 per claim, makes it factually and legally possible that plaintiff could be liable for an amount in excess of $75,000. Accordingly, this action belongs in federal court. Defendant's motion to dismiss for lack of subject matter jurisdiction is hereby **DENIED**. The Court was able to reach its decision by looking solely to the complaint and the exhibits attached thereto. Therefore, defendant's motion to strike is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:   May 25, 2006.**

                              s/ WILLIAM D. STIEHL
                                 **DISTRICT JUDGE**